IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ABBOTT LABORATORIES, an Illinois corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 07-388-*** |
| IMPAX LABORATORIES, INC., a Delaware Corporation | ) ) ) ) | |
| Defendant. | ) ) | |

## ANSWER

Defendant Impax Laboratories, Inc. ("Impax") hereby responds to the complaint filed by plaintiff Abbott Laboratories ("Abbott") as follows:

### THE PARTIES

1. Upon information and belief, Impax admits the averments contained in paragraph 1.

2. Impax admits that it is a Delaware Corporation, and that it has a place of business located at 30831 Huntwood Avenue, Hayward, California 94544. Otherwise denied.

### JURISDICTION AND VENUE

3. Impax admits that the complaint contains averments of patent infringement that arise under the patent laws of the United States, but denies that these averments have merit. Impax also admits that 28 U.S.C. § 1338(a) grants this Court subject matter jurisdiction over civil actions arising under the patent laws of the United States.

4. Impax admits that this Court has personal jurisdiction over Impax.

5. Impax admits that venue exists in this judicial district.

## FACTUAL BACKGROUND

### The '086 and '090 Patents

6. Upon information and belief, Impax admits the averments contained in paragraph 6.

7. Upon information and belief, Impax admits that the FDA approved Abbott's New Drug No. 21-168 for the product under the brand-name DEPAKOTE® ER on or about August 4, 2000 and May 31, 2002 and that DEPAKOTE® ER is included in the Orange Book. Impax further admits that 21 U.S.C. § 355(j) sets forth the approval requirements for ANDAs. Impax denies the remaining averments contained in paragraph 7.

8. Upon information and belief, Impax admits the averments of paragraph 8.

9. Upon information and belief, Impax admits the averments of paragraph 9.

10. Impax is without information sufficient to form a belief as to the truth of the averments of Paragraph 10 and therefore denies them.

11. Impax admits the averments of paragraph 11.

### Impax Notifies Abbott Regarding the Filing of ANDA No. 78-791

12. Impax admits that it sent a notice to Abbott dated May 3, 2007 as required by 21 U.S.C. §355(j). Impax further states that the notice speaks for itself. To

the extent that there are further averments in paragraph 12 not addressed by the foregoing, Impax denies those averments.

13. Impax admits that a "Detailed Statement" was attached to the May 3, 2007 notice. Impax further states that the "Detailed Statement" speaks for itself. To the extent that there are further averments in paragraph 13 not addressed by the foregoing, Impax denies those averments.

14. Impax admits that it has filed an ANDA. Impax further states that the ANDA speaks for itself. To the extent that there are further averments in paragraph 14 not addressed by the foregoing, Impax denies those averments.

## COUNT I: INFRINGEMENT OF THE '086 PATENT

15. Impax incorporates by reference its responses to paragraphs 1-14, as if fully set forth herein.

16. Paragraph 16 is a statement of law to which no response is required.

17. Denied.

18. Denied.

## COUNT II: INFRINGEMENT OF THE '090 PATENT

19. Impax incorporates by reference its responses to paragraphs 1-14, as if fully set forth herein.

20. Paragraph 20 is a statement of law to which no response is required.

21. Denied.

22. Denied.

## **PRAYER FOR RELIEF**

Impax denies that Abbott is entitled to any relief based upon its complaint.

### **Affirmative Defense (Non-infringement and/or Invalidity)**

Impax asserts the following affirmative defense.

1.      The filing of Impax's ANDA and its proposed sale of extended release products containing divalproex sodium as described in Impax's ANDA have not infringed and do not, and would not, if marketed, infringe any valid claim of the '086 and '090 patents, either literally or under the doctrine of equivalents. Similarly, Impax's proposed sale of products pursuant to its ANDA has not infringed and does not, and would not, if marketed, constitute contributory infringement or inducement of infringement.

2.      One or more claims of the '086 and '090 patents are invalid for failure to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Code.

WHEREFORE, Impax prays for a judgment:

A.      Dismissing the complaint with prejudice and entering judgment in favor of Impax;

B.      Declaring and adjudging the non-infringement and/or invalidity of the claims of the '086 and '090 patents as set forth in Impax's Affirmative Defense;

C.      Permanently enjoining Abbott, its officers, agents, directors, servants, employees, subsidiaries, and assigns, and all those acting under the authority of

or in privy with them or with any of them, from asserting or otherwise seeking to enforce the '086 and '090 patents against Impax;

    D. Declaring that this case is an exceptional one pursuant to 35 U.S.C. § 285 and awarding Impax its reasonable attorneys fees and costs incurred in this action; and

    E. Granting Impax such other and further relief as the court deems just and proper.

July 9, 2007

*/s/ Mary Matterer*
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
302-888-6918

*OF COUNSEL*
Philip J. McCabe
KENYON & KENYON
333 West San Carlos Street
Suite 600
San Jose, CA 95110
(408) 975-7500

C. Kyle Musgrove
KENYON & KENYON
1500 K Street, N.W.
Suite 700
Washington, DC 2005
(202) 220-4200

*Attorneys for Defendant Impax Laboratories, Inc.*