UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT LABORATORIES, an Illinois corporation, | |
| Plaintiff, | Case No. CV-07-00388*** |
| v. | Magistrate Judge Mary Pat Thynge |
| IMPAX LABORATORIES, INC., a Delaware corporation, | |
| Defendant. | |

**PROPOSED DATES FOR SCHEDULING ORDER**

Pursuant to this Court's July 10, 2007 Order, counsel for Abbott Laboratories ("Abbott") and counsel for Impax Laboratories, Inc. ("Impax") respectfully submit the following proposal relating to scheduling for this matter:

**A.    Nature of the Case**

This is a patent infringement case arising under the Hatch-Waxman Act, 35 U.S.C. § 271(e)(2). Abbott markets a prescription medication known as DEPAKOTE® ER (extended-release), which has been approved by the FDA for treatment of epilepsy, bipolar disorder, and prophylaxis of migraine headaches. Abbott owns certain patents, including U.S. Patent Nos. 6,713,086 ("the '086 patent") and 6,528,090 ("the '090 patent"), that are listed in the FDA's "Orange Book" in conjunction with DEPAKOTE® ER. The '086 and '090 patents cover a formulation for achieving the extended release of a drug product over time, and the patents expire December 18, 2018.

Impax has filed Abbreviated New Drug Application No. 78-791 (the "ANDA"), seeking FDA approval of a proposed generic version of DEPAKOTE® ER. In the ANDA, Impax

included a certification (known as a Paragraph IV Certification) stating that its proposed product, if allowed on the market, would not infringe any valid claim of, among other things, the '086 and '090 patents. Thus, Impax seeks approval to market its product prior to the expiry of these patents.

As required by statute, Impax provided notice to Abbott about the filing of the ANDA and the Paragraph IV Certification. Within 45 days of receiving that notice, Abbott filed this action, alleging that Impax's proposed generic product would, if allowed on the market, infringe the '086 and '090 patents. As a result of Abbott's timely filing, there is currently in place a statutory stay that will prevent FDA approval of the ANDA for a period of 30 months (until November 2009), absent some earlier resolution of this matter on the merits.

Impax's Amended Answer and Counterclaims asserts affirmative defenses of non-infringement and invalidity against the '086 and '090 patent and added Declaratory Judgment Counterclaims against those two patents relating to those same issues. In addition, Impax filed counterclaims seeking declaratory judgments of non-infringement and invalidity of four other patents that are listed in the FDA's "Orange Book" in conjunction with DEPAKOTE® ER and against which Impax had filed a Paragraph IV Certification, *i.e.*, U.S. Patent Nos. 6,419,953 ("the '953 patent"); 6,511,678 ("the '687 patent"); 6,528,091 ("the '091 patent"); and 6,720,004 ("the '004 patent").

**B.    Agreed Matters**

Counsel for the parties have conferred and agree that 80 hours per side for depositions should be sufficient.[1] If there is a need to expand this time allotment as the case progresses, the parties will work together in good faith to address the issue.

---

[1] Time consumed by the party in actual questioning of the witness shall count against that party's time, regardless of which party noticed the deposition.

The parties also agree that trial should take 7 to 10 days, and that each party will be allocated approximately 50% of the total trial time in which to present their respective cases-in-chief. The parties agree to reevaluate this allocation as the time for trial nears.

The parties have discussed e-discovery matters, and agree to work together in good faith to manage collection, retention, and production of electronic documents and information in this litigation. The parties choose not to follow the Default Standard for Discovery of Electronically Stored Information ("E-Discovery") promulgated by the Ad Hoc Committee for Electronic Discovery unless ultimate agreement on e-discovery issues cannot be reached after good faith efforts have been expended.

Finally, the parties have agreed to the following dates as part of the initial scheduling of this matter:

| Date    | Event                                            |
|---------|--------------------------------------------------|
| 8.10.07 | Initial 26(a)(1) Disclosures                     |
| 8.31.07 | Deadline to Submit a Stipulated Protective Order |

C.  **Contested Matters**

The parties were unable to agree on a joint schedule for all pretrial and trial activities. The primary areas of dispute are: (i) the appropriate length of time to trial; (ii) whether there should be a separate claim construction process undertaken after the fact discovery period and before summary judgment (Impax advocates such a procedure, but Abbott disagrees); (iii) whether the technology tutorial should be conducted at the same time as the parties' opening claim construction briefs (Impax advocates such a procedure, but Abbott disagrees); and (iv) whether there should be any summary judgment briefing (Abbott advocates such a procedure,

but Impax prefers to determine its necessity at a later date). The parties' respective proposed schedules are set forth below in Section D.

**Abbott's Proposal**

This is a complex scientific dispute involving multiple patents that will almost certainly revolve around the testimony of experts for both sides relating to pharmaceutical formulation. Particularly in light of the current constraints on this Court (there is currently no district judge even assigned to this case), Abbott does not believe that trial within 18 months (much less the shorter period advocated by Impax) is reasonable. In addition, this Court's Draft Scheduling Order anticipates certain additional procedures, including a tutorial on the technology involved in the patent and separate claims construction briefing, that must be accounted for in determining time to trial. Abbott therefore believes that it would be appropriate to schedule trial approximately 24 months from the filing of this case -- well before the expiration of the statutory 30-month stay.

In terms of the ordering of proceedings, Abbott respectfully submits that the most appropriate course would be to conduct the claim construction inquiry after both fact and expert discovery have been completed. This can be accomplished as part of the summary judgment proceedings, as this Court's Draft Scheduling order suggests. Abbott cannot agree to Impax's proposal that claim construction be resolved before the expert discovery phase because, among other things, it would require the parties to undertake two separate rounds of expert discovery (with reports and depositions relating to claim construction at one stage, followed by more reports and more depositions relating to infringement later). In Abbott's view, this would increase the burden on both sides, and the Court, without any significant increase in efficiency.

Additionally, Abbott believes that the tutorial called for by this Court's Scheduling Order should be completed *prior* to any claim construction hearing, rather than concurrent to such a

hearing. Allowing the Court time to familiarize itself *before* attempting to deal with the complex factual and legal issues accompanying claim construction would be preferable to Impax's proposal, which calls for the tutorial and claim construction briefing to be conducted simultaneously. As a practical matter, Impax's joint claim construction/tutorial schedule would place a heavy burden on both parties to prepare a visual presentation, claim construction briefing, response to the opponent's presentation, and response to the other party's claim construction all within a one-month period.

Finally, as Abbott informed Impax's counsel, Abbott has two previously-filed cases relating to DEPAKOTE® ER set for trial between late November 2008 and January 2009. As this Court is aware, Abbott has filed suit against Teva Pharmaceuticals USA, Inc., in Case No. 07 C 00250, also pending before this Court, and that case may go to trial during that same time period, or immediately following the other two cases. Impax's proposed trial date, therefore, is not one to which Abbott can agree. Abbott proposes the following schedule, in addition to the dates set forth in section B, as agreed upon by the parties:

| Proposed Date | Event |
| --- | --- |
| 2.18.08 | Interim Status Report Due |
| 2.25.08 | Status Conference at 1:00 p.m. EDT |
| 6.9.08 | Close of Fact Discovery |
| 7.8.08 | Expert Reports Due - Burden of Proof |
| 8.8.08 | Responsive Expert Reports |
| 9.12.08 | Close of Expert Discovery |
| 10.10.08 | Tutorial Describing Technology & Matters at Issue Due |
| 10.24.08 | Comment to Opposing Party's Tutorial Due |
| 11.14.08 | Parties Exchange Proposed Claims Constructions |
| 12.5.08 | Parties Submit a Joint Claim Construction Chart |

| Proposed Date | Event |
|---|---|
| 12.29.08 | Parties' Individual Briefs on Claim Construction Due |
| 1.29.09 | Parties' Responsive Briefs on Claim Construction Due |
| 2.27.09 | Dispositive Motion Deadline<br>Deadline for any *Daubert* Challenges to Expert Testimony |
| 3.13.09 | Responses to Dispositive Motions Due |
| 3.20.09 | Replies in Support of Dispositive Motions Due |
| 4.9.09 | Hearing on Claim Construction and Summary Judgment |
| 6.1.09 | Final Pretrial Order (Including Motions *in Limine*) Due |
| 6.15.09 | Final Pretrial Conference |
| 6.29.09 | Trial |

**Impax's Proposal**

Impax believes that a trial date should be set closer to 18 months from the filing date of the complaint, as suggested by Local Rule 16.2(c). Impax acknowledges and understands that Abbott has indicated that it has two, and may possibly have three, trials scheduled for cases relating to DEPAKOTE® ER that were filed prior to the present case -- and that those trials are presently set for November 2008 and January 2009. However, Impax also acknowledges that the scheduled dates of those trials, as well as the trial in the present case, are subject to change based on future factual circumstances and potential case settlement. Thus, Impax proposes that a trial in this case be tentatively scheduled for December 2008. Alternatively, Impax would propose that no trial date be set at the present time and that this issue be addressed during periodic Interim Status Conferences (both parties have proposed Interim Status Reports on their proposed schedules). During such a conference or conferences, the Court can determine whether Abbott's other trials appear to be likely to occur or not, will be rescheduled, how long those trials will last,

etc. If the trials are unlikely to proceed as presently scheduled, there is no reason that this case cannot proceed along the traditional schedule used in Delaware.

Impax believes that claim construction should take place prior to the close of expert discovery in an effort to make expert discovery less burdensome. Assuming that the Court enters an order on claim construction prior to the submission of expert reports, the experts for each party will only need to submit an opinion based on a single construction of the claims, rather than an opinion on one construction, as well as an "in the alternative . . ." opinion on a second possible construction. This will not only lead to less expert discovery in general, but should also better define the issues for expert depositions. In addition, Impax believes that it will not be unduly burdensome to submit a tutorial on the technology at issue at the same time as the opening claim construction briefs. Receiving the tutorial at the same time as the parties' opening claim construction briefs should enable the Court to better understand the issues, and each party's construction of the claims, in the proper context.

Further, Impax believes that there is no need to set aside a separate period for summary judgment briefing in the case. Thus, Impax has not included it within its proposed schedule. However, should the need arise for summary judgment briefing, Impax has allowed for a procedure such as one that Chief Judge Sleet had used in a previous case involving it, in which the party seeking summary judgment submits a letter brief to the Court explaining why no material issue of fact exists and requesting permission to file a motion. After responsive and reply letter briefs on the propriety of filing, the Court may then determine whether it will allow the filing of a motion for summary judgment. The schedule proposed by Impax allows sufficient time between the close of expert discovery and the final pretrial conference for the filing of any such motions, should this occur.

Finally, Impax filed its Amended Answer and Counterclaims on Friday, July 27, 2007. In its counterclaims, Impax seeks Declaratory Judgments of non-infringement and invalidity of the two original patents at issue, the '090 and '086 patents, as well as four additional related patents, the '953, '687, 091, and 004 patents. The addition of these counterclaims to this action will not affect the schedule for at least two reasons: (i) the four additional patents are related to the '086 and '090 patents; (ii) the named inventors of the four additional patents are all part of the group of inventors named in the '086 and '090 patents; and (iii) the same accused formulation is at issue with respect to each of these six patents. Thus, it is expected that little additional fact or expert discovery will be required. Impax proposes the following schedule, in addition to the dates set forth in section B, as agreed upon by the parties:

| Proposed Date | Event |
|---|---|
| 10.19.07 | Deadline to Amend the Pleadings or Join Additional Parties |
| 11.19.07 | Interim Status Report Due |
| 2.8.08 | Close of Fact Discovery |
| 2.22.08 | Parties Exchange Proposed Claims Constructions |
| 2.29.08 | Parties' Joint Claim Construction Chart Submitted to the Court |
| 3.7.08 | Opening Briefs on Claim Construction, Tutorial Describing Technology & Matters at Issue |
| 4.4.08 | Responsive Briefs on Claim Construction Due, Comment on Opposing Party's Tutorial |
| 5.5.08 | Hearing on Claim Construction |
| 7.1.08 | Opening Expert Reports (Burden of Proof) |
| 8.1.08 | Responsive Expert Reports |
| 9.12.08 | Close of Expert Discovery |
| | Final Pretrial Order, which includes Motions *in Limine* and any *Daubert* Motions (determined by local rule from Final Pretrial Conference date) |

| Proposed Date | Event |
|---|---|
| | If any party wishes to file a motion for summary judgment after the close of expert discovery, it must submit a letter brief of no more than 5 pages to the Court by 10.5.08, explaining why no genuine dispute of material fact exists and seeking permission to file the motion. |
| | Any response to such a letter brief would be due 5 days after service of the letter brief and is limited to 5 pages. |
| | Any reply letter brief would be due 2 days after service of the responsive letter brief and would be limited to 3 pages. |
| | Upon reviewing these letter briefs, the Court will then determine whether the filing of any summary judgment motion will be permitted. |
| 11.10.08 | Final Pretrial Conference |
| 12.8.08 | Trial (Tentative) |

## D. The Parties' Combined Proposed Schedules

The parties have been unable to agree on a single schedule. For the Court's convenience, they therefore provide this side-by-side comparison of their proposals. Thus, in addition to the agreed dates set forth in section B, the parties propose separate dates for the following events:

| Impax's Proposed Date | Abbott's Proposed Date | Event |
|---|---|---|
| 10.19.07 | 11.26.07 | Deadline to Amend the Pleadings or Join Additional Parties |
| 11.19.07 | 2.18.08 | Interim Status Report Due |
| | 2.25.08 | Status Conference at 1:00 p.m. EDT |
| 2.8.08 | 6.9.08 | Close of Fact Discovery |
| 7.1.08 | 7.8.08 | Expert Reports Due - Burden of Proof |
| 8.1.08 | 8.8.08 | Responsive Expert Reports |
| 9.12.08 | 9.12.08 | Close of Expert Discovery |
| 3.7.08 | 10.10.08 | Tutorial Describing Technology & Matters at Issue Due |

| Impax's Proposed Date | Abbott's Proposed Date | Event |
|---|---|---|
| 4.4.08 | 10.24.08 | Response to Opposing Party's Tutorial Due |
| 2.22.08 | 11.14.08 | Parties Exchange Proposed Claims Constructions |
| 2.29.08 | 12.5.08 | Parties Submit a Joint Claim Construction Chart |
| 3.7.08 | 12.29.08 | Parties' Individual Briefs on Claim Construction Due |
| 4.4.08 | 1.29.09 | Parties' Responsive Briefs on Claim Construction Due |
| 10.5.08 | N/A | Final Pretrial Order, which includes Motions *in Limine* and any *Daubert* Motions (determined by local rule from Final Pretrial Conference date)<br><br>If any party wishes to file a motion for summary judgment after the close of expert discovery, it must submit a letter brief of no more than 5 pages to the Court by this date, explaining why no genuine dispute of material fact exists and seeking permission to file the motion.<br><br>Any response to such a letter brief would be due 5 days after service of the letter brief and is limited to 5 pages.<br><br>Any reply letter brief would be due 2 days after service of the responsive letter brief and would be limited to 3 pages.<br><br>Upon reviewing these letter briefs, the Court will then determine whether the filing of any summary judgment motion will be permitted. |
| N/A | 2.27.09 | Dispositive Motion Deadline<br>Deadline for any *Daubert* Challenges to Expert Testimony |
| N/A | 3.13.09 | Responses to Dispositive Motions Due |
| N/A | 3.20.09 | Replies in Support of Dispositive Motions Due |
| 5.5.08 | 4.9.09 | Hearing on Claim Construction |
| N/A | 4.9.09 | Hearing on Summary Judgment |
| N/A | 6.1.09 | Final Pretrial Order (Including Motions *in Limine*) Due |
| 11.10.08 | 6.15.09 | Final Pretrial Conference |
| 12.8.08 | 6.29.09 | Trial (Impax's proposal is tentative; Abbott's is a firm date.) |

Dated: July 30, 2007

MORRIS JAMES LLP

By: */s/ Mary B. Matterer*
    Richard K. Herrmann (#405)
    Mary B. Matterer (#2696)
    MORRIS JAMES LLP
    500 Delaware Avenue, Suite 1500
    Wilmington, DE 19801
    302-888-6918

*Attorneys for Defendant
Impax Laboratories, Inc.*

OF COUNSEL:

Philip J. McCabe
KENYON & KENYON
333 West San Carlos Street
Suite 600
San Jose, CA 95110
(408) 975-7500

C. Kyle Musgrove
KENYON & KENYON
1500 K Street, N.W.
Suite 700
Washington, DC 2005
(202) 220-4200

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ LLP

By: */s/ Paul E. Crawford*
Paul E. Crawford
  DE State Bar 0493
  E-mail: pcrawford@cblh.com
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange St.
P.O. Box 2207
Wilmington, DE 19899
(T) 302.658.9141
(F) 302.658.5614

Daniel E. Reidy (admitted *pro hac vice*)
  E-mail: dereidy@jonesday.com
James R. Daly (admitted *pro hac vice*)
  Email: jrdaly@jonesday.com
Jason G. Winchester (admitted *pro hac vice*)
  Email: jgwinchester@jonesday.com
Jeremy P. Cole (admitted *pro hac vice*)
  Email: jpcole@jonesday.com
Melissa B. Hirst (admitted *pro hac vice*)
  Email: mbhirst@jonesday.com
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois 60601-1692
(T): 312.782.3939
(F): 312.782.8585

<u>Of Counsel</u>
Perry C. Siatis
ABBOTT LABORATORIES
100 Abbott Park Road
Abbott Park, Illinois 60064-6034

*Attorneys for Abbott Laboratories*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 30, 2007, a true and correct copy of the foregoing document, entitled **Proposed Dates For Scheduling Order**, was served on the following persons via CM/ECF filing and the following:

**VIA ELECTRONIC MAIL**
C. Kyle Musgrove
KENYON & KENYON LLP
1500 K Street, NW
Washington, D.C. 20005-1257
cmusgrove@kenyon.com

Philip J. McCabe
KENYON & KENYON LLP 333 West San Carlos St., Suite 600
San Jose, CA 95110

pmccabe@kenyon.com

**VIA HAND DELIVERY AND E-MAIL**
Mary B. Matterer
MORRIS JAMES LLP
500 Delaware Ave., Suite 1500
Wilmington, DE 19801-1494
mmatterer@morrisjames.com

/s/ Paul E. Crawford
Paul E. Crawford, Esquire (#493)
pcrawford@cblh.com