**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ABBOTT LABORATORIES, an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>IMPAX LABORATORIES, INC., a Delaware corporation,<br><br>Defendant. | Civil Action No. 07-CV-00388**<br><br>Magistrate Judge Mary Pat Thynge |

**ABBOTT LABORATORIES' REPLY TO IMPAX'S COUNTERCLAIMS**

Plaintiff Abbott Laboratories ("Abbott"), hereby replies to the counterclaims of defendant IMPAX Laboratories, Inc. ("Impax"), as follows:

**Parties**

1. Upon information and belief and as pled by Abbott, Abbott is a corporation organized under the laws of the State of Illinois, having its headquarters and principal place of business at Abbott Park, Illinois 60064.

**RESPONSE:** Admitted.

2. Impax is a corporation organized under the laws of the State of Delaware, having its principal place of business at 30831 Huntwood Avenue, Hayward, California 94544.

**RESPONSE:** On information and belief, admitted.

**Jurisdiction and Venue**

3. These counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**RESPONSE:** The allegations contained in paragraph 3 constitute legal conclusions to which no response is required. To the extent that a response is required, Abbott admits that Impax purports to state counterclaims arising under the various statutes cited in paragraph 3, but denies that these counterclaims have any merit.

4. This Court has original jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**RESPONSE:** The allegations contained in paragraph 4 constitute legal conclusions to which no response is required. To the extent that a response is required, Abbott admits that this Court has subject-matter jurisdicton over Impax's counterclaims, but denies that these counterclaims have any merit.

5. This Court has personal jurisdiction over Abbott because Abbott has availed itself of the rights and privileges of this forum by suing Impax in this judicial district and because Abbott conducts substantial business in, and has regular and systematic contact with, this judicial district.

**RESPONSE:** The allegations contained in paragraph 5 constitute legal conclusions to which no response is required. To the extent that a response is required, Abbott admits that it is subject to personal jurisdiction in this judicial District for purposes of the above-captioned litigation. Abbott denies all remaining allegations in paragraph 5.

6. Venue for these Counterclaims is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

**RESPONSE:** The allegations contained in paragraph 6 constitute legal conclusions to which no response is required. To the extent that a response is required, Abbott admits that this District is a proper venue to adjudicate Impax's counterclaims, but denies that these counterclaims have any merit.

## Patents in Suit

7. On or about July 16, 2002, the United States Patent and Trademark Office ("PTO") issued United States Patent No. 6,419,953 ("the '953 patent"), entitled "Controlled Release Formulation of Divalproex Sodium." (*See* Exhibit A.)

**RESPONSE:** Admitted.

8. On or about January 28, 2003, the PTO issued United States Patent No. 6,511,678 ("the '678 patent"), entitled "Controlled Release Formulation of Divalproex Sodium." (*See* Exhibit B.)

**RESPONSE:** Admitted.

9. On or about March 4, 2003, the PTO issued United States Patent No. 6,528,090 ("the '090 patent"), entitled "Controlled Release Formulation of Divalproex Sodium." (*See* Exhibit C.)

**RESPONSE:** Admitted.

10. On or about March 4, 2003, the PTO issued United States Patent No. 6,528,091 ("the '091 patent"), entitled "Controlled Release Formulation of Divalproex Sodium." (*See* Exhibit D.)

**RESPONSE:** Admitted.

11. On or about March 30, 2004, the PTO issued United States Patent No. 6,713,086 ("the '086 patent"), entitled "Controlled Release Formulation of Divalproex Sodium." (*See* Exhibit E.)

**RESPONSE:** Admitted.

12. On or about April 13, 2004, the PTO issued United States Patent No. 6,720,004 ("the '004 patent"), entitled "Controlled Release Formulation of Divalproex Sodium." (*See* Exhibit F.)

**RESPONSE:** Admitted.

13. Abbott is listed as the assignee of, and purports and claims to own and have rights to enforce, the '953, '678, '090, '091, '086, and '090 patents.

**RESPONSE:** Abbott admits that it does in fact own and have the right to enforce each of the patents listed in paragraph 13.

14. On June 18, 2007, Abbott sued Impax in this judicial district alleging infringement of the '090 and '086 patents, but not the '953, '678, '091, and '004 patents.

**RESPONSE:** Abbott admits that it filed a complaint against Impax on or about June 18, 2007, alleging infringement of the '090 and '086 patents, and that Abbott did not at that time assert infringement of any other patent.

**COUNTERCLAIM I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '086 AND '090 PATENTS**

15. Impax restates and realleges each of the foregoing paragraphs 1-14 as if fully set forth herein.

**RESPONSE:** Abbott restates and realleges each of its responses to paragraphs 1-14 as if fully set forth herein.

16. Abbott has alleged that Impax's ANDA 78-791 infringes the '086 and '090 patents.

**RESPONSE:** Admitted.

17. As evidenced by Abbott's Complaint and Impax's Answer in this action, there is an actual, substantial, and continuing justiciable case or controversy between Impax and Abbott regarding the infringement of the '086 and '090 patents.

**RESPONSE:** The allegations contained in paragraph 17 constitute legal conclusions to which no response is required. To the extent that a response is required, Abbott admits that this Court has subject-matter jurisdiction to adjudicate Impax's counterclaim for a declaration of non-infringement of the '086 and '090 patents, but denies that Impax's counterclaim has any merit.

18. Impax's ANDA 78-791 and the proposed activities of Impax under the ANDA has not, does not, and will not infringe any claim of the '086 or '090 patents, either directly or indirectly.

**RESPONSE:** Denied.

19. Impax is entitled to a judicial determination that the proposed Impax products which are the subject of ANDA 78-791 have not infringed, do not, and would not, if marketed, infringe any claim of the '086 or '090 patents.

**RESPONSE:** Denied.

**COUNTERCLAIM II: DECLARATORY JUDGMENT OF INVALIDITY OF THE '086 AND '090 PATENTS**

20. Impax restates and realleges each of the foregoing paragraphs 1-14 as if fully set forth herein.

**RESPONSE:** Abbott restates and realleges each of its responses to paragraphs 1-14 as if fully set forth herein.

21. As evidenced by Abbott's Complaint and Impax's Answer in this action, there is an actual, substantial, and continuing justiciable case or controversy between Impax and Abbott regarding the validity of the '086 and '090 patents.

**RESPONSE:** The allegations contained in paragraph 21 constitute legal conclusions to which no response is required. To the extent that a response is required, Abbott admits that this Court has subject-matter jurisdiction to adjudicate Impax's counterclaim for a declaration regarding the validity of the '086 and '090 patents, but denies that Impax's counterclaim has any merit.

22. One or more claims of the '086 and '090 patents are invalid for failure to comply with one or more provisions of 35 U.S.C. § 1 *et seq.*, including §§ 102, 103, and 112.

**RESPONSE:** Denied.

23. Impax is entitled to a judicial determination that one or more claims of the '086 and '090 patents are invalid.

**RESPONSE:** Denied.

**COUNTERCLAIM III: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '953, '678, '091 AND '004 PATENTS**

24. Impax restates and realleges each of the foregoing paragraphs 1-14 as if fully set forth herein.

**RESPONSE:** Abbott restates and realleges each of its responses to paragraphs 1-14 as if fully set forth herein.

25. The '953, '678, '091, and '004 patents are listed in the Orange Book in connection with Abbott's approved New Drug Application No. 021168 for Divalproex Sodium.

**RESPONSE:** Abbott admits the allegations contained in paragraph 25 as to the 500 mg strength of Depakote® ER only. Further answering, Abbott admits that the '678 and '004 patents are listed in the FDA Orange Book in connection with the 250 mg strength of Depakote® ER, which was also approved pursuant to New Drug Application No. 021168. Abbott denies all remaining allegations contained in paragraph 25.

26. On May 3, 2007, Impax notified Abbott, pursuant to 21 U.S.C. § 505(j)(2)(B)(iv) and 21 C.F.R. § 314.95, of Impax's ANDA No. 78-791 that the 953, '678, '090, '091, '086, and '004 patents are unenforceable, invalid, or not infringed by the proposed products which are the subject of Impax's ANDA No. 78-791.

**RESPONSE:** Abbott admits that on or about May 3, 2007, Impax gave notice to Abbott that Impax had filed ANDA No. 78-791 with the FDA, which, on information and belief, seeks the FDA's approval to manufacture, use, and/or sell Impax's divalproex sodium products. Further responding, Abbott admits that, on or about May 3, 2007, Impax provided Abbott with a Paragraph IV certification as to the '953, '678, '090, '091, '086, and '004 patents, but Abbott denies that proffered factual and legal statements provided by Impax to support its Paragraph IV certification were either complete or accurate. Abbott denies all remaining allegations in paragraph 26.

27. As evidenced by Abbott's Complaint, Abbott received Impax's notification on or around May 4, 2007.

**RESPONSE:** Admitted.

28. Impax's May 3, 2007 notice was accompanied by an Offer of Confidential Access to Impax's ANDA pursuant to 21 U.S.C. § 355(j)(5)(C)(i)(III).

**RESPONSE:** Abbott admits that Impax included in its May 3, 2007 notice a set of very restrictive terms under the guise of an Offer of Confidential Access, but denies that the offer as made was in compliance with 21 U.S.C. § 355(j)(5)(C)(i)(III).

29. On Friday, June 1, 2007, a fully executed copy of an Offer of Confidential Access was provided to Abbott. On or around that same date, Abbott received portions of Impax's ANDA pursuant to 21 U.S.C. § 355(j)(5)(C)(i)(III).

**RESPONSE:** Abbott admits the allegations contained in the first sentence of paragraph 29. Abbott further admits that, on or about June 1, 2007, Impax provided certain documents that were selected, at Impax's discretion, from ANDA No. 78-791. Abbott denies all remaining allegations contained in paragraph 29.

30. In response to Impax's notification, Abbott brought its Complaint in this action on June 18, 2007, alleging infringement of the '090 and '086 patents. Abbott did not bring suit against Impax on the '953, '678, '091, and '004 patents.

**RESPONSE:** Abbott admits that it filed a complaint against Impax on or about June 18, 2007, alleging infringement of the '090 and '086 patents, and that Abbott did not at that time assert infringement of any other patent.

31.     On June 26, 2007, counsel for Impax requested from counsel for Abbott a covenant not to sue on the '953, '678, '091, and '004 patents as relates to Impax's ANDA No. 78-791 and the proposed products covered by that ANDA. Impax further indicated at that time that if it did not hear further from Abbott regarding such a covenant that Impax would assume that Abbott refused to grant such a covenant.

**RESPONSE:** Admitted.

32.     On July 11, 2007, after initially answering the complaint in this action, counsel for Impax reiterated a request that Abbott grant a covenant not to sue on the '953, '678, '091, and '004 patents. Impax further reiterated that if it did not hear further from Abbott regarding such a covenant Impax would assume that Abbott refused to grant such a covenant.

**RESPONSE:** Admitted.

33.     On July 24, 2007, during a conference call between counsel for Impax and Abbott, Impax again requested a covenant not to sue on the '953, '678, '091, and '004 patents.

**RESPONSE:** Abbott admits only that counsel for Impax stated during a conference call on or about July 24, 2007 that Impax had previously requested a covenant not to sue on the '953, '678, '091, and '004 patents. Abbott denies all remaining allegations contained in paragraph 33.

34.     Despite having access to the relevant portions of Impax's ANDA since the beginning of June and despite three subsequent opportunities to resolve the legal uncertainty surrounding the '953, '678, '091, and '004 patents, Abbott has not responded to Impax's request for a covenant not to sue on those four Orange Book listed patents.

**RESPONSE:** Abbott admits only that it has not acceded to Impax's demand for a covenant not to sue as to the '953, '678, '091, and '004 patents. Abbott denies all remaining allegations contained in paragraph 34.

35.     There is an actual, substantial, and continuing justiciable case or controversy between Impax and Abbott regarding the infringement of the '953, '678, '091, and '004 patents.

**RESPONSE:** The allegations contained in paragraph 35 constitute legal conclusions to which no response is required. To the extent that a response is required, Abbott denies these allegations.

36. The proposed Impax products which are the subject of ANDA No. 78-791 have not infringed, do not, and would not, if marketed, infringe any claim of the '953, '678, '091, and '004 patents, either directly or indirectly.

**RESPONSE:** The allegations contained in paragraph 36 constitute legal conclusions to which no response is required. To the extent a response is required, Abbott denies these legal conclusions.

37. Impax is entitled to a judicial determination that the proposed Impax products which are the subject of ANDA 78-791 have not infringed, do not, and would not, if marketed, infringe any claim of the '953, '678, '091, and '004 patents.

**RESPONSE:** The allegations contained in paragraph 37 constitute legal conclusions to which no response is required. To the extent a response is required, Abbott denies these legal conclusions.

**COUNTERCLAIM IV: DECLARATORY JUDGMENT OF INVALIDITY OF THE '953, '678, '091, AND '004 PATENTS**

38. Impax restates and realleges each of the foregoing paragraphs 1-14 as if fully set forth herein.

**RESPONSE:** Abbott restates and realleges each of its responses to paragraphs 1-14 as if fully set forth herein.

39. There is an actual, substantial, and continuing justiciable case or controversy between Impax and Abbott regarding the invalidity of the '953, '678, '091, and '004 patents.

**RESPONSE:** The allegations contained in paragraph 39 constitute legal conclusions to which no response is required. To the extent that a response is required, Abbott denies these allegations.

40. One or more claims of the '953, '678, '091, and '004 patents are invalid for failure to comply with one or more provisions of 35 U.S.C. § 1 *et seq.*, including §§ 102, 103, and 112.

**RESPONSE:** The allegations contained in paragraph 40 constitute legal conclusions to which no response is required. To the extent a response is required, Abbott denies these legal conclusions.

41. Impax is entitled to a judicial determination that one or more claims of the '953, '678, '091, and '004 patents are invalid.

**RESPONSE:** The allegations contained in paragraph 41 constitute legal conclusions to which no response is required. To the extent a response is required, Abbott denies these legal conclusions.

* * * *

Abbott denies all allegations contained in paragraphs 1-41 that are not specifically admitted above.

**RELIEF**

Abbott respectfully prays that this Court (i) deny Impax any relief; (ii) award Abbott its attorneys' fees under 35 U.S.C. § 285; and (iii) award Abbott any further such relief as the Court deems just and appropriate.

Dated: August 20, 2007

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ LLP

By: /s/ Paul E. Crawford
Paul E. Crawford
DE State Bar 0493
E-mail: pcrawford@cblh.com
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange St.
P.O. Box 2207
Wilmington, DE 19899
(T) 302.658.9141

Of Counsel
Daniel E. Reidy; Bar No. 2306948
E-mail: dereidy@jonesday.com
James R. Daly; Bar No. 6181714
Email: jrdaly@jonesday.com
Jason G. Winchester; Bar No. 6238377
Email: jgwinchester@jonesday.com

Jeremy P. Cole; Bar No. 6269551
   Email: jpcole@jonesday.com
Melissa B. Hirst;  Bar No. 6282498
   Email: mbhirst@jonesday.com
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois  60601-1692
(T):  312.782.3939
(F):  312.782.8585

Perry C. Siatis
ABBOTT LABORATORIES
100 Abbott Park Road
Abbott Park, Illinois  60064-6034

(F)  302.658.5614
*Attorneys for Abbott Laboratories*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2007, a true and correct copy of the foregoing **Abbott Laboratories' Reply to Impax's Counterclaims** was caused to be served on the following via CM/ECF filing and the following:

**VIA HAND DELIVERY AND E-MAIL**
Mary Matterer
Morris James LLP
500 Delaware Avenue
Suite 1500
Wilmington, DE 19801
mmatterer@morrisjames.com

**VIA ELECTRONIC MAIL**
C. Kyle Musgrove
Kenyon & Kenyon LLP
1500 K. Street, NW
Washington, DC 20005-1257
cmusgrove@kenyon.com

*/s/ Paul E. Crawford*
Paul E. Crawford, Esquire (#493)
pcrawford@cblh.com