**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ABBOTT LABORATORIES,<br>an Illinois corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>IMPAX LABORATORIES, INC.,<br>a Delaware corporation,<br><br>    Defendant. | C.A. No. CV-07-00388***<br><br>Magistrate Judge Mary Pat Thynge |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

  Pursuant to Fed. R. Civ. P. 26(c), by agreement of Plaintiff Abbott Laboratories ("Abbott") and Defendant IMPAX Laboratories, Inc., ("Impax") (hereinafter individually referred to as a "party" or collectively as "the parties"), the Court finds that good cause exists for entry of a protective order to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential information during and after the course of this litigation.  Accordingly, IT IS HEREBY ORDERED THAT:

**A. Definition of "Confidential Information"**

  1. The terms "Confidential Information" and "Highly Confidential Information" shall include all information, documents, and other materials revealed or disclosed during the proceedings and trial of the above matter that are designated as "Confidential" or "Highly Confidential" according to the procedures set out in paragraphs 3-5, below.

  "Confidential Information" shall mean material that a party claims in good faith contains or discloses information relating to, referencing or pertaining to trade secrets or other confidential research, development, or commercial information within the meaning of Federal

Rule of Civil Procedure 26(c)(7), including but not limited to any party's technical information relating to valproate products and methods of producing the same.

"Highly Confidential Information" shall mean customer, licensee, supplier, and vendor information; current (i.e., not more than three years old) and future pricing, cost and other financial or marketing information (including past information indicative of current practices); current (as defined above) and future business plans or competitive strategies; information relating to research, development and testing of a party's proposed future valproate products; information relating to the processes, apparatus, or analytical techniques to be used by a party for its proposed commercial production of such products; information relating to pending or abandoned patent applications which have not been made available to the public; and any other information as agreed to by the parties that a party believes in good faith could be used by a competitor to harm its business.

2. Except as specifically authorized by this Court, "Confidential Information" or "Highly Confidential Information" shall not be disclosed or revealed to anyone not authorized by this Order to receive such information and shall be used only for the purpose of preparing for or conducting this litigation. For example, any individual permitted to review "Confidential Information" or "Highly Confidential Information" shall not use such "Confidential Information" or "Highly Confidential Information" in proceedings before the Food and Drug Administration. All persons to whom "Confidential Information" or "Highly Confidential Information" is disclosed shall be informed of and shown a copy of this Protective Order and shall agree to be bound by its terms.

**B.     Designation of Confidential Information**

3. If an exhibit; pleading; interrogatory answer or admission (collectively "discovery response"); document or thing (collectively "document or thing"); or a deposition transcript,

other transcript of testimony or declaration or affidavit (collectively "testimony") contains information considered confidential by a party, such exhibit, pleading, discovery response, document or thing, or testimony shall be designated "Confidential" or "Highly Confidential," as appropriate, by the producing party. If the item is a tangible object, the tangible object may be designated as "Confidential" or "Highly Confidential" by affixing to the object or its container a label or tag indicating that the object is "Confidential" or "Highly Confidential."

4. Information disclosed at a deposition or other testimony may be designated as "Confidential" or "Highly Confidential" at the time of the testimony or deposition, or, in writing, within thirty (30) days following receipt of the transcript, and shall be subject to the provisions of this Order. Additional information disclosed during a deposition or other testimony may be designated as "Confidential" or "Highly Confidential" by notifying the opposing party, in writing, within thirty (30) days after receipt of the transcript, of the specific pages of the transcript that should also be so designated.

5. Unless otherwise agreed on the record of the deposition or other testimony, all transcripts shall be treated as "Highly Confidential" for a period of thirty (30) days after their receipt, and the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to Paragraphs 7 and 8 to review documents or information designated "Highly Confidential" on behalf of that non-designating party. Subject to the terms of paragraph 12, any portion of any deposition testimony that is not designated as "Confidential Information" or "Highly Confidential Information" in accordance with paragraphs 3 and 4, within thirty (30) days after a transcript of the deposition is received, shall not be entitled to the protections afforded under this Protective Order.

**C.    Use of Confidential Information**

6.    Except upon written consent of the producing party, or upon further Order of this Court, "Confidential Information" or "Highly Confidential Information" shall be treated strictly in accordance with the provisions of this Protective Order and may be used or disclosed only as specified in this Protective Order.

7.    Access to information designated or marked as "Confidential" shall be limited to:

(a)    Outside counsel of record for the parties in this litigation and regular employees of said counsel who are assisting in the prosecution or defense of this litigation.

(b)    The following three (3) in-house legal advisors for Abbott, and three (3) in-house counsel and advisors for Impax, along with any paralegal and/or clerical staff assisting said individuals in the prosecution or defense of this action, all of whom are not responsible for (i) competitive decision-making with respect to any valproate product (including Depakote®); or (ii) the prosecution of any patents relating to any valproate product; and will not be so responsible from the date that this Protective Order is entered until twenty-four (24) months after judgment is entered in this action or a settlement not including a judgment is executed:

FOR ABBOTT:
- i.    Josè Rivera (Divisional Vice President, Intellectual Property Litigation);
- ii.   Perry C. Siatis (Senior Counsel, Intellectual Property Litigation Department); and
- iii.  Dr. Steven Crowley (Senior Manager, Intellectual Property Litigation Department).

FOR IMPAX:
- i.    Huong Thien Nguyen (Director of Intellectual Property);
- ii.   Meg M. Snowden (Vice-President of Intellectual Property); and
- iii.  (to be determined).

A party may, as necessary, on a one-for-one-basis, substitute other in-house counsel or advisors meeting the above criteria for the listed individuals, provided that the substituting party gives the other party seven (7) calendar days written notice prior to said substitution. The non-substituting party may then object to the proposed designee, but may do so only upon a reasonable basis and in a writing describing with particularity the basis for its objection. Disclosure of "Confidential Information" to the proposed designee shall not occur before the seven-day period for objections has elapsed, absent written consent from the non-substituting party that it has no objection to the person viewing its "Confidential Information." Failure to object in writing within seven (7) calendar days to the proposed designee shall be deemed approval, but shall not preclude a producing party from later objecting to continued access by a designee where facts suggesting a basis for objection are subsequently learned by the producing party or its counsel.

If objection is timely made, information designated as "Confidential" shall not be disclosed to the proposed designee until a conference between the parties takes place. If the parties cannot resolve the dispute or if the conference does not take place, the party seeking to disclose "Confidential Information" may file and serve a motion with the Court seeking an Order allowing the disclosure to take place. The burden of demonstrating good cause for denying access to "Confidential Information" shall rest with the party objecting to the proposed designee.

(c)     Witnesses in any deposition or other proceeding of this action who, (i) at the time of such proceeding, are current employees of the producing party, (ii) are the

author or recipient of the information marked "Confidential," or (iii) based on evidence, are reasonably believed to have had access to the "Confidential" information in the past;

(d) Outside experts and consultants (and their employees or clerical assistants), who have been approved by the producing party according to paragraph 9, and who are employed, retained or otherwise consulted by outside counsel of record to assist in any way in the preparation and trial of this litigation. For purposes of this Protective Order, the phrase "outside experts and consultants" shall not include any officer, director, or employee of any party;

(e) Court personnel in the conduct of their official duties and the trier of fact;

(f) Qualified persons taking or recording testimony involving "Confidential Information" and necessary stenographic and clerical personnel thereof; and

(g) Duplicating, scanning, trial graphics, and other auxiliary services routinely engaged by counsel for assistance in litigation.

8. Access to information designated or marked as "Highly Confidential" shall be limited to:

(a) Outside counsel of record for the parties in this litigation and regular employees of said counsel, who are assisting in the prosecution or defense of this litigation.

(b) The following two (2) in-house legal advisors for Abbott, and two (2) in-house counsel for Impax, along with any paralegal and/or clerical staff assisting said individuals in the prosecution or defense of this action, all of whom are not responsible for (i) competitive decision-making with respect to any valproate product (including Depakote®); or (ii) the prosecution of any patents relating to any valproate product; and

will not be so responsible from the date that this Protective Order is entered until twenty-four (24) months after judgment is entered in this action or a settlement not including a judgment is executed:

> FOR ABBOTT:
> i. Perry C. Siatis (Senior Counsel, Intellectual Property Litigation Department); and
> ii. Dr. Steven Crowley (Senior Manager, Intellectual Property Litigation Department).
>
> FOR IMPAX:
> i. Huong Thien Nguyen (Director of Intellectual Property); and
> ii. Meg M. Snowden (Vice-President of Intellectual Property).

A party may, as necessary, on a one-for-one-basis, substitute other in-house counsel or advisors meeting the above criteria for the listed individuals, provided that the substituting party gives the other party seven (7) calendar days written notice prior to said substitution. The non-substituting party may then object to the proposed designee, but may do so only upon a reasonable basis and in a writing describing with particularity the basis for its objection. Disclosure of "Highly Confidential Information" to the proposed designee shall not occur before the seven-day period for objections has elapsed, absent written consent from the non-substituting party that it has no objection to the person viewing its "Highly Confidential Information." Failure to object in writing within seven (7) calendar days to the proposed designee shall be deemed approval, but shall not preclude a producing party from later objecting to continued access by a designee where facts suggesting a basis for objection are subsequently learned by the producing party or its counsel.

If objection is timely made, information designated as "Highly Confidential" shall not be disclosed to the proposed designee until a conference between the parties takes

place. If the parties cannot resolve the dispute or if the conference does not take place, the party seeking to disclose "Highly Confidential Information" may file and serve a motion with the Court seeking an Order allowing the disclosure to take place. The burden of demonstrating good cause for denying access to "Highly Confidential Information" shall rest with the party objecting to the proposed designee.

(c) Witnesses in any deposition or other proceeding in this action who, (i) at the time of such proceeding, are current employees of the producing party, (ii) are the author or recipient of the information marked "Highly Confidential," or (iii) based on evidence, are reasonably believed to have had access to the "Highly Confidential" information in the past;

(d) Outside experts and consultants (and their employees or clerical assistants), who have been approved by the producing party according to paragraph 9, and who are employed, retained or otherwise consulted by outside counsel of record to assist in any way in the preparation and trial of this litigation. For purposes of this Protective Order, the phrase "outside experts and consultants" shall not include any officer, director or employee of any party;

(e) Court personnel in the conduct of their official duties and the trier of fact;

(f) Qualified persons taking or recording testimony involving "Confidential Information" and necessary stenographic and clerical personnel thereof; and

(g) Duplicating, scanning, trial graphics services and other auxiliary services routinely engaged by counsel for assistance in litigation.

9. The procedure for having a person identified under paragraphs 7(d) and 8(d) approved for access to information designated as "Confidential" and "Highly Confidential" shall be as follows:

(a) The party seeking to have a person approved shall provide the producing party with:

(i) The name of the person;

(ii) The present employer and title of the person;

(iii) A copy of the person's current curriculum vitae if the person is an outside expert or consultant; and

(iv) A written acknowledgment in the form of Exhibit A, attached hereto, signed by the person for whom approval is sought, stating that the person has read this Protective Order and agrees to be bound by its terms.

(b) Within ten (10) calendar days after sending (via email, fax or overnight delivery service) a copy of the information and the written acknowledgment described in Paragraph 9(a), the producing party may object in writing to the person proposed for approval upon a reasonable basis. The writing must describe with particularity the basis for the objection. Disclosure of "Confidential Information" or "Highly Confidential Information" to the person for whom approval is sought shall not occur before the ten-day period for objections has elapsed, absent written consent from the producing party that it has no objection to the person viewing its "Confidential Information" or "Highly Confidential Information." Failure to object in writing within ten (10) calendar days to the person proposed shall be deemed approval, but shall not preclude a producing party from later objecting to continued access by that person where facts suggesting a basis for

objection are subsequently learned by the producing party or its counsel. If objection is timely made, information designated as "Confidential" and "Highly Confidential" shall not be disclosed to the designated person until a conference between the parties takes place or the producing party withdraws its objection.

      (c)    If the producing party timely objects, the producing and requesting party shall confer and attempt to resolve the dispute within seven (7) calendar days from the date of the sending (via email, fax or overnight delivery service) of notice of objection. If the parties cannot resolve the dispute or if the conference does not take place, the party seeking to disclose "Confidential Information" or "Highly Confidential Information" may file and serve a motion with the Court seeking an Order allowing the disclosure to take place. The burden of demonstrating good cause for denying access to "Confidential Information" or "Highly Confidential Information" shall rest with the party objecting to the person for whom approval is sought.

10.    "Confidential Information" or "Highly Confidential Information" shall not be disclosed to any person under paragraphs 7(b), 7(d), 8(b), and 8(d), unless and until such person has agreed in writing to be bound by the terms of this Protective Order and, if applicable, the requirements of paragraph 9 have been fulfilled. The requirement of obtaining such written agreement shall be satisfied by obtaining the signature of each such person on the Confidentiality Agreement attached hereto as Exhibit A.

**D.    Filing Under Seal**

11.    Documents or information designated Confidential or Highly Confidential to be filed with the Court under seal shall be so filed in accordance with all applicable Local Rules of the District Court of Delaware, including but not limited to, Local Rule 5.1.3 and the CM/ECF Procedures for the District of Delaware. Accordingly, if a party intends to file a brief,

memoranda, or other paper referencing or including material designated Confidential or Highly Confidential, that party shall file such brief, memoranda, or other paper in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, and a statement substantially in the following form:

CONFIDENTIAL – FILED UNDER SEAL

The Clerk of the Court is directed to place and maintain under seal in accordance with this Protective Order any such pleading or other document filed with or delivered to this Court pursuant to paragraph 11 or any other provision hereof.

**E.     Inadvertent Disclosure And Redaction**

12.     Notwithstanding anything contrary herein, if a party through inadvertence or mistake produces during discovery any "Confidential Information" or "Highly Confidential Information" without designating it or marking it with the legend "Confidential" or "Highly Confidential," or designates it with an incorrect level of confidentiality, the producing party may give written notice to the receiving party that the exhibit, pleading, discovery response, document or thing, or testimony contains "Confidential Information" or "Highly Confidential Information" and that such material(s) should be treated as such in accordance with the provisions of this Protective Order.  This notice must be given, in writing, within ten (10) days of the producing party's discovery of the inadvertent or mistaken failure to designate the material "Confidential" or "Highly Confidential." Upon receipt of such notice, and upon receipt of properly marked materials, the non-producing party shall, at the direction of the producing party, return or destroy said unmarked materials and not retain copies thereof, and must treat such exhibits, pleadings, discovery responses, documents or things, or transcript testimony as containing "Confidential Information" or "Highly Confidential Information," as the case may be,

and shall cooperate in restoring the confidentiality of such "Confidential Information" or "Highly Confidential Information." The inadvertent or unintentional disclosure by a party of "Confidential Information" or "Highly Confidential Information," regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the non-producing party is notified and properly marked documents are supplied as provided herein. The non-producing party shall not be responsible for the disclosure or other distribution of belatedly designated "Confidential Information" or "Highly Confidential Information" as to such disclosure or distribution that may occur before the receipt of such notification of a claim of confidentiality and such disclosure or distribution shall not be deemed to be a violation of this Protective Order.

13.   If material subject to a claim of attorney-client privilege or work-product immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such claim. If a party has inadvertently produced material subject to a claim of immunity or privilege, said party must give notice of such inadvertent disclosure within ten (10) calendar days of that party's discovery of the inadvertent production. Within ten (10) calendar days of such notice from the other party of potential inadvertent production the identified material(s) shall be returned promptly and, if a document, all copies of that document shall be destroyed. The party returning such material may move the Court for an Order compelling production of such material. The producing party shall, within twenty (20) days of giving notice of the inadvertent production of privileged or immune material provide a privilege log listing the inadvertently produced material.

**F.     Miscellaneous Provisions**

14.     In the event that (a) another court or an administrative agency subpoenas or orders production of any documents or information designated Confidential or Highly Confidential that a party has obtained under the terms of this Protective Order, or (b) any of the parties is served with a demand in another action to which it is a party, or (c) any of the parties is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose information that was designated as "Confidential" or "Highly Confidential" by a producing party in this action, the party subpoenaed or served as referred to in this paragraph shall object to production of the "Confidential Information" or "Highly Confidential Information" and shall give prompt written notice to the other parties to this litigation with sufficient time to afford the other parties to this litigation to intervene.  The notice shall include a copy of any such subpoena, demand or other legal process.  Should the person seeking access to the "Confidential Information" or "Highly Confidential Information" take action against the party covered by this Protective Order to enforce such a subpoena, demand or other legal process, it shall respond by setting forth the existence of this Protective Order.  Nothing in this Protective Order shall be construed as requiring the party covered by this Protective Order to challenge or appeal any order requiring production of "Confidential Information" or "Highly Confidential Information" covered by this Protective Order, to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

15.     For purposes of this Protective Order, proprietary or confidential information or trade secrets shall not include information or material that:

(a)     was, is or becomes public knowledge in a manner other than by violation of this Protective Order;

  (b) is acquired by the non-producing party from an entity having the right to disclose such information or material;

  (c) was lawfully possessed by the non-producing party prior to the entry of this Protective Order by the Court; or

  (d) was developed by the non-producing party independent of the information produced under the Protective Order.

  16. There shall be no obligation to challenge a "Confidential" or "Highly Confidential" designation when such designation is made, and failure to do so shall not preclude a subsequent challenge. Any party who objects to the designation of any information as "Confidential" or "Highly Confidential" or objects to a restriction on the use of such "Confidential Information" or "Highly Confidential Information" shall attempt to resolve the designation dispute with the designating party pursuant to the Local Rules regarding discovery disputes and may only apply to this Court for a ruling that the information or material shall not be so designated in accordance with said Rules. The information shall continue to be treated as "Confidential Information" or "Highly Confidential Information" until the issue is resolved by the Court.

  17. Nothing in this Protective Order shall bar or otherwise restrict any attorney for the parties from rendering advice to his or her client with respect to this litigation. In the course of doing so, said attorney may generally refer to or rely upon his or her examination of "Confidential Information" or "Highly Confidential Information," but shall not disclose the specific contents of such information to persons not authorized to receive such information pursuant to this Protective Order, except by written agreement with opposing counsel of record.

18. The terms of this Protective Order are applicable to "Confidential Information" and "Highly Confidential Information" produced by a non-party, and a party or a non-party may designate documents produced in connection with this litigation "Confidential Information" and "Highly Confidential Information." Such information so designated will be protected by the remedies and relief provided by the Protective Order.

19. Notices under this Protective Order shall be provided to the parties' respective counsel at their addresses indicated below, unless this provision is modified by the parties in writing.

NOTICE TO ABBOTT:

> Jason G. Winchester
> JONES DAY
> 77 West Wacker Drive, Suite 3500
> Chicago, IL 60601-1692

NOTICE TO IMPAX:

> C. Kyle Musgrove
> KENYON & KENYON LLP
> 1500 K Street, N.W.
> Washington, DC 20005-1257

20. No person subject to this Protective Order may disclose, in public or private, any "Confidential Information" or "Highly Confidential Information," designated in accordance with this Order by a party or non-party other than itself, except as provided for in this Protective Order. Nothing herein, however, shall affect the right of the designating party or non-party to disclose to its officers, directors, employees, consultants, or experts, any material that it has designated as "Confidential" or "Highly Confidential"; such disclosure shall not waive the protection of this Protective Order and shall not entitle other parties or their attorneys to disclose such "Confidential Information" or "Highly Confidential Information" in violation of this Order.

21.     Upon final termination of this action, unless otherwise agreed to in writing by counsel of record for the designating party or non-party, each party shall within one hundred and twenty (120) days assemble and return any and all "Confidential Information" or "Highly Confidential Information," including all copies, extracts, and summaries thereof, to the party or non-party from whom the "Confidential Information" or "Highly Confidential Information" was obtained, or destroy such "Confidential Information" or "Highly Confidential Information," except that counsel of record may retain copies of pleadings, motions and supporting materials, discovery requests and responses, expert reports and exhibits, and any other materials that are of record in the litigation, and all attorney work product, subject to the confidentiality provisions of this Protective Order.  Each law firm of record shall make certification of compliance herewith and shall deliver the same to counsel for the party or the non-party who produced the "Confidential Information" or "Highly Confidential Information" not more than one hundred and fifty (150) days after the final termination of this civil action.

22.     Upon the final conclusion of this litigation, the Clerk of this Court shall follow the procedures of the United States District Court for the District of Delaware with respect to destroying and/or delivering to appropriate counsel any "Confidential Information" or "Highly Confidential Information" produced hereunder and submitted for identification or into evidence at any hearing or trial in this litigation.

23.     This Protective Order shall survive the final conclusion of this litigation and continue in full force and effect, and the Court shall retain jurisdiction to enforce this Protective Order.

24. Any violation of this Protective Order may constitute a contempt of court, and be punishable as such, and may subject the offending party or non-party to such additional and further remedies as may be available to the aggrieved party or non-party.

ENTERED:

_____     _____
Date                                                      Magistrate Judge Mary Pat Thynge

**EXHIBIT A**

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE**

| | |
|---|---|
| ABBOTT LABORATORIES,<br>an Illinois corporation,<br><br>               Plaintiff,<br><br>     v.<br><br>IMPAX LABORATORIES, INC.,<br>a Delaware corporation,<br><br>               Defendant. | C.A. No. CV-07-00388***<br><br>Magistrate Judge Mary Pat Thynge |

**CONFIDENTIALITY AGREEMENT**

      The undersigned hereby acknowledges that (s)he has read the Protective Order entered on _____, 2007 in the above-captioned action, and understands the terms thereof, and agrees, upon threat of penalty of contempt, to be bound by such terms of each paragraph of the Protective Order.  In particular, the undersigned understands that the terms of said Protective Order obligate him/her to use Confidential Information or Highly Confidential Information solely for the purposes of this litigation and not to disclose any such Confidential Information or Highly Confidential Information to any other person, firm, or entity, except that there will be no restriction on documents that are used as exhibits in Court, unless such exhibits were filed under seal, and there will be no restriction on information disclosed in open Court, unless the Courtroom is sealed at the time of such disclosure.  Further, for the purpose of enforcing this Confidentiality Agreement, the undersigned hereby subjects himself/herself to the jurisdiction of this Court.

_____         _____
Date                                     Signature